M. W. BREMEN, RESPONDENT, v. J. H. FOREMAN ET
AL., APPELLANTS.

MECHANIC'S LIEN, WHAT SUBJECT TO SALE ON FORECLOSURE OF.—In a
  suit to foreclose a mechanic's lien, only the interest of the party who
  caused the building to be erected or the materials to be furnished can
  be ordered sold for the extinguishment of the lien.

APPEAL from the district court of the second judicial dis-
trict, county of Gila.     The opinion states the facts.

*A. C. Baker* and *Lemon & McCabe*, for the appellants.

The action is to enforce a mechanic's lien.     The defend-
ants Foreman, Healey, Blockman, and Marshall made de-
fault.     The defendant Collingwood disclaimed all interest
in the suit.     The defendant Webster alone appeals to this
court.

The material, lumber, shingles, etc., were furnished to
Foreman and one Jackson, who were at the time temporarily
in possession of the land under an agreement for a deed
thereto from J. Collingwood & Co., the absolute owners of
the same.     Trans., pp. 32, 33.

There is no evidence that J. Collingwood & Co. were
ever apprised of the act of plaintiff in furnishing the mate-
rial.

Foreman and Jackson failed to comply with the terms of
the agreement for a deed, never became the owners of the
land, and went out of possession of the property.     Trans.,
pp. 43, 44.

Webster became the owner of the premises under a deed
from Collingwood & Co. and assignment of a contract.
Trans., pp. 40, 41, 46.

The cause being tried before the court without a jury, a
decree was entered ordering the sale of "the mill site, for-
merly known as the Duryea Mill and Water Site, and now
known as the Foreman Mill Site,  *  *  *  containing four
acres,  *  *  *  and the quartz mill and machinery con-
nected therewith and on said mill site."     Trans., pp. 14–17.

An order was also entered adjudging that plaintiff had a
lien upon the same property.     Trans., pp. 8, 9.

Motion for new trial denied, and the defendant Webster

appeals from the judgment, the order refusing a new trial, and the order establishing the lien.

1. The mechanics' lien law is in derogation of the common law, and must be strictly construed. *Bottomly* v. *Grace Church*, 2 Cal. 90; *Houghton* v. *Blake*, 5 Id. 240.

2. The decree orders the sale of four acres of Webster's land, machinery, etc. The lien is established against the same property. This is clearly an error.

The act evidently contemplates the acquisition of a lien upon the interest of the employer or contractor only, be it fee simple or less. The complaint in this action goes to no greater extent. It seeks to charge the interest of Foreman with the lien, and there ends. The allegation that Webster has or claims some interest in the property is nothing more than an averment that he is interested in the supposed title of Foreman. It is not an allegation of a superior title in Webster. His title is not a proper subject of litigation in the action under the pleadings. In one sense, Webster was not even a proper party defendant.

The contract was made with Foreman and Jackson; the material furnished to them. These parties were only in possession of the premises under an agreement for a sale from Collingwood & Co., who held the legal title. It is not claimed that Collingwood & Co. had any notice of the transaction. The complaint in no manner puts their (Collingwood & Co.'s) title in issue. Webster is their successor in interest.

The very object of the action is to enforce a lien against the interest of Foreman and Jackson. The statute goes no further—the complaint embraces no more. These parties acquired no interest whatever in the premises. Webster is entirely unconnected with them in interest. His title is wholly separate and superior.

We are at a loss to understand how a decree could be entered for the sale of his property. Why not enter a money judgment against Webster upon the same principle? Comp. Laws, sec. 4, p. 248; *San Francisco* v. *Lawton*, 18 Cal. 465; *Worden* v. *Hammond*, 37 Id. 61.

3. The findings of facts are unsupported by the evidence in the following particulars: 1. Wherever the findings associate Blockman, Healey, and Marshall with Foreman and

Jackson in interest or in purchasing the material. This error is found in the first and sixth findings. 2. The evidence is very pointed that the check was received in payment of the lien. It was received by plaintiff's agent and never returned. 'Testimony of Eaton, Trans., p. 20, 21. . The plaintiff stated in substance that he had accepted the check in satisfaction of the lien. Testimony of Webster, Trans., p. 22, folio 86. The eighth finding is directly in opposition to this evidence. 3. The sixth finding in this respect is totally unsustained, to wit: it declares that the repairs and improvements made upon the premises by Foreman were contemplated by the agreement between Collingwood & Co. and Foreman. The record discloses no such evidence. 4. What testimony is there that plaintiff expended five dollars, or any sum of money, in and about the verification and filing of the lien? Positively none. The ninth finding says he did. 5. There is no testimony in the record that the Foreman Mill Company were the reputed owners of the property. Who constituted the company? The tenth finding is unsupported. 6. The eleventh finding is an important one. Section 4 of the act providing for liens of mechanics, Comp. Laws, 248, declares that "a convenient space around the * * * or so much as may be required for the convenient use and occupation of the premises, shall be subject to the lien." In mining ground, what amount of the land shall be made subject to the lien is an important inquiry. In the case at bar, was four acres necessary to the convenient use and occupation of the mill? or would one acre or even less have answered all necessary purposes? There is no evidence whatever in the record by which the amount necessary can be measured. The finding is without any support whatever in this particular.

4. The prayer of the complaint is for a money judgment for one thousand four hundred and ninety-four dollars and eighty-eight cents, with interest from the twenty-eighth day of February, 1880. The decree was entered May 10, 1882, for one thousand four hundred and ninety-seven dollars and eighty-eight cents principal, and three hundred and thirty-five dollars and ninety-five cents interest.

The Foreman Mill Company, against whom the money judgment runs, made default. Both principal and interest

are excessive. Comp. Laws, c. 65, p. 574; *Parrott* v. *Den,* 34 Cal. 79; *Raun* v. *Reynolds*, 11 Id. 14; *Gage* v. *Rogers*, 20 Id. 91; *Lamping & Co.* v. *Hyatt*, 27 Id. 99.

5. Appellant insists that the judgment is not supported by the pleadings. We repeat that the leading issue in the case—the object of the action, its pith and core—is to enforce a lien against the interests of Foreman and Jackson, or the Foreman Mill Company. This is the full scope of the complaint. There is no averment affecting the title or interest of Webster, no allegation under which proof could be received or which can serve as a support for a judgment for the sale of his property. We have already argued that the averment in the complaint that Webster has or claims some interest in the property is to be construed as a mere statement that he is interested in the supposed title of Foreman, and not that of a title superior to Foreman's.

If plaintiff furnished material to one who was neither interested in the land nor the owner, it is his mistake; if he desired to connect the owner, the superior title, with the transaction, then an allegation to that effect, with an averment of notice, etc., would have been in order.

A judgment not supported by the pleadings is fatally defective. *Bachman* v. *Sepulveda*, 39 Cal. 688.

*William Graves*, for the respondent.

This action to foreclose a materialman's lien was commenced November 18, 1880. The facts as set out in the complaint and disclosed by the testimony are as follows:

On the eleventh day of October, 1879, Joseph Collingwood & Co. owned the property described in the complaint, consisting of a mill site and quartz mill thereon. On that day said Collingwood & Co. entered into a written agreement with the defendant J. H. Foreman for the sale of said property to Foreman upon certain considerations expressed in said agreement (*vide* Exhibit C, p. 32). Under that agreement Foreman immediately went into and took possession, subsequently (*vide* Exhibit D, p. 34) associating with him Jesse Healey, A. Blockman, and Seth Marshall—they were all interested in the property and were in possession when the materials were furnished (*vide* Trans., folio 74 et seq.) The agreement mentioned (Exhibit C)

contemplated the expenditure of seven thousand dollars "in the purchase of the necessary machinery and in making the necessary improvements to successfully operate and run said quartz mill." The material was supplied from the twenty-eighth day of November, 1879, to and including the fourteenth of February, 1880 (vide Exhibit A, p. 27), and the construction and repairing of the mill were completed on the twenty-eighth day of February, 1880. Plaintiff filed his lien May 24, 1880. The defendant L. J. Webster is the only appellant. The defendants Foreman, Blockman, Healey, and Marshall made default, and Collingwood disclaimed all interest in the controversy. Defendant Webster bases his title on a deed from Collingwood & Co. (vide Exhibit 1, p. 41).

Plaintiff recovered judgment, his lien was established and final judgment given May 10, 1882. Motion for new trial made and denied. This appeal is from the judgment, and also from the order overruling the motion.

1. At and during the time the materials were furnished, the property belonged to J. H. Foreman, and those associated with him.

The agreement between Collingwood & Co. and J. H. Foreman, of October 11, 1879, had the effect of altering the relation of the parties toward the property, making Collingwood & Co. the holders simply of the legal title in trust for Foreman, and the latter became the real and beneficial owner of the property. Foreman and his associates being in possession and clothed with the beneficial ownership of the premises, lacking, it is true, the confirmation of the legal title, could charge the property with liens, and in fact subject it to all the incidents and burdens of a legal estate. The fact that Foreman forfeited all rights to the property under the agreement can not divest the lien of plaintiff acquired while Foreman was the owner of the property. Comp. Laws, c. 27, sec. 2; 1 Pomeroy's Eq. Jur., sec. 368, and cases cited.

2. The agreement of October 11, 1879, contemplated the expenditure of seven thousand dollars in the purchase of material for the construction and repairing of the mill.

The agreement between J. Collingwood & Co. and J. H. Foreman, independent of and throwing out of view alto-

A. T. REPS. I—27

gether its effect as to the ownership of the property, required Foreman to expend seven thousand dollars "in the purchase of the necessary machinery and in making the necessary improvements to successfully operate and run said quartz mill." It was in compliance with this part of the agreement that Foreman and his associates incurred the indebtedness for materials, the lien for which is now sought to be enforced. Webster had notice of the lien and also of this agreement. (*Vide* Exhibit 2.) The interest of Collingwood & Co. in the property was incumbered by the lien for the reason that they required Foreman to purchase the material for which the lien fastened. *Moore* v. *Jackson*, 49 Cal. 109.

3. The lien law is to be liberally construed, so as to give lien claimants the benefits intended. *Davis* v. *Alvord*, 94 U. S. 545; *Skyrme* v. *Occidental M. & M. Co.*, 8 Nev. 219.

Since writing the foregoing we have received appellant's brief, and we shall briefly answer the points which we deem to require an answer.

1. It was not error to order the sale of the "mill site * * * containing four acres, and the quartz mill and machinery connected therewith and on said mill site." Plaintiff alleged that "four acres of land in a square body, of which the said mill building or structure is the center, is required for the convenient use and occupation of said building." Trans., p. 3. This is not denied. Plaintiff also alleged that he paid for verifying the lien the sum of five dollars. Trans., p. 4. This allegation was not denied. It is an elementary rule that no proof is required of facts admitted or not denied. Comp. Laws, sec. 2501; *Landers* v. *Bolton*, 26 Cal. 416.

2. Counsel insists with a good deal of persistence that plaintiff's lien was satisfied by payment—the payment consisting in the reception of a worthless draft drawn by Seth Marshall on Jesse Healey and A. Blockman. The evidence shows that the draft was not accepted in satisfaction of the lien. Testimony of Eaton, Trans., p. 23; Testimony of Webster, Trans., p. 22.

Granting that the evidence is conflicting on this point, then we invoke the well-established rule that findings will not be disturbed when there is a substantial conflict in the evidence.

By Court, PINNEY, J.:

This is an action for the enforcing of a mechanic's lien for material furnished.

Section 4 of the lien law provides: "The land upon which any building or superstructure shall be erected, together with a convenient space around the same, or so much as may be required for the convenient use and occupation of the premises, shall also be subject to the lien created by this act, if at the time the work and labor was done or the material furnished the said land belonged to the person who caused the said building, superstructure, or other work to be erected; but if said person owned less than a fee simple estate in such lands, then only his interest therein shall be subject to such liens, and the liens created by this act shall be preferred to every other lien or incumbrance which shall have been attached upon said property subsequent to the time at which the work was commenced or the materials furnished; but nothing herein contained shall be construed as impairing any valid incumbrance upon the said lands duly made and recorded before such work was commenced or materials furnished." Bremen entered into an agreement on the twenty-ninth day of November, 1879, with Foreman and others to supply boards, timber, shingles, etc., to be used in the construction and repairing of a certain mill building, and between that date and the first day of March, 1880, Bremen had furnished a large amount of material for the erection of a mill on some mining property which Foreman had purchased on the eleventh day of October, 1879, from S. Silverburg, Hammerslag, and Collingwood; they being the owners of the mill property, the interest of Foreman in the premises rested upon an agreement for the sale and conveyance of said property. One provision in the agreement was that Foreman should expend the sum of seven thousand dollars in making improvements upon the property to successfully operate and run a quartz mill. Foreman was immediately put in possession of the premises under the contract.

On the twenty-fourth day of December, 1880, Silverburg, Hammerslag, and Collingwood, by a quitclaim deed, conveyed to L. J. Webster the property and premises in ques-

tion. The court below, after finding the facts, decreed a sale of the whole premises, including the interest of Webster as well as the interest of Foreman, and from that decree appellants appeal to this court, and assign, among other causes of error, the rendering of the decree against Webster's interest in the property. This was clearly error, for the statute expressly provides that only the interest of the party who caused the building to be erected or the materials to be furnished shall be subject to such liens. The contract, in this case, for the furnishing of materials was not made with Webster or his grantors, but with Foreman and those acting with him. What, then, was the interest of Foreman in the property in question? For it is upon that interest that the materialman must rely for his remedy. Webster, standing in the shoes of his grantors, has the same rights and protection that they would have had, and his fee can not be taken from him lawfully until the purchase money and interest thereon be fully paid him. Foreman's interest in the premises may be subject to sale in this proceeding. The lien of Bremen is on the interest Foreman had in the premises. The decree should declare the rights of the several parties as herein indicated, subject to the rights of Webster as they existed under the contract between Silverburg, Collingwood, and Hammerslag to Foreman at the time the material was furnished by Bremen, and in default of payment to Bremen, that the premises should be sold, and from the proceeds the amount due under the contract of sale from Silverburg, Collingwood, and Hammerslag to Foreman should be first paid to Webster, and then the materialman, Bremen, should be paid the amount of his lien. And the remainder, if any, after paying these demands and the costs, should be paid to Webster.

The decree must be reversed, and the cause remanded for further proceedings. And it is so ordered.